# MRS. BEN CAMFERDAM v. ERWIN HICKS MOTOR CAR COMPANY.

Western Section. March 7, 1930.

Petition for Certiorari denied by Supreme Court, May 30, 1930.

L. H. Graves, of Memphis, for plaintiff in error.
R. C. Busby, of Memphis, for defendant in error.

OWEN, J. The plaintiff, Mrs. Ben Camferdam, has appealed from a judgment rendered in the Circuit Court of Shelby County. She obtained a judgment for $353.32, she insisted that she is entitled to more damages than she recovered.

The plaintiff sued the defendant, a corporation, for $1500 damages, for a breach of warranty. She alleged that she purchased a Nash automobile from the defendant for the sum of $2448.70; that in making the purchase the defendant accepted on the purchase price, from the plaintiff, a Hupmobile car, valued at $981.85, and that for the remainder of the purchase price she had executed notes payable monthly in the sum of $75 each; that she had paid three of these notes, making a total of $1206.65 she had paid on the car. She alleged that the defendant breached its warranty to her, in representing said car to be in a first-class condition. She alleged that the car was not in a first-class condition; that she had taken the car several times, while in her possession, to the defendant to try to get it remedied. She also averred that the defendant had misrepresented the age of the car, the number of miles it

had been driven and other material representations upon which she relied; that there was a knock in the radiator or motor of said car which the defendant neglected, failed, or refused to remedy. The defendant filed a plea of former judgment. This plea was sustained but upon appeal to the Supreme Court, the lower court was reversed. The defendant then filed a demurrer which was later overruled. It thereupon filed a plea of not guilty and a plea of nil debit and also filed a plea of set-off for the sum of $741.85.

The cause came on to be heard before the court and jury. At the conclusion of all proof the plaintiff made a motion for a directed verdict, asking that the court direct the jury to return a verdict in her favor for the sum of $1206.65. The defendant also moved for a directed verdict. With the two motions before the court, he instructed the jury to return a verdict in favor of the plaintiff for $353.32. The court held that upon the return of the car to the defendant by the plaintiff it was sold, according to the conditional sales statute, for $500; that in about two or three days after this sale the defendant sold the same car to Mr. A. E. Wehmeyer for $1500; that there was due the defendant, from the plaintiff, $1241.85; that the plaintiff should be given credit for the $1500 which would leave the sum of $258.15 due the plaintiff and that the defendant was due the plaintiff $77.77 rebate out of the $133.35 handling charges and $17.50 rebate out of the original insurance charges, making a total of $353.32.

To the action of the court in so instructing the jury, both parties excepted, thereupon, the plaintiff moved the court for a verdict non obstante veredicto, which motion is as follows:

The plaintiff moves the court to enter a correct judgment for her, to-wit, $1206.85, and interest on account of the breach of warranty, notwithstanding the verdict heretofore entered, the said judgment being erroneous, and the plaintiff, under all the proof being entitled to the above named amount.

The plaintiff thereupon moved for a new trial which motion was heard and overruled. The plaintiff prayed and perfected an appeal, had signed a proper bill of exceptions, and has assigned six errors. These errors are as follows:

(1) The court erred in overruling the motion for a non obstante veredicto.

(2) The court erred in directing the jury to return a verdict for the amount set out in the verdict and in not directing it to return a verdict for the amount plaintiff claimed.

(3) The court erred in not directing the jury to return a verdict for the plaintiff for the amount paid in on the car, less a fair, reasonable deduction for the use thereof.

(4) The court erred in holding that the defendant was entitled to recover the unpaid balance after the conditional

sale for the reason that the advertisement of the car or automobile shows that the notes were owned by Friedlander Investment Company, and the notice of sale does not show any reference to the notes being owned by the defendant.

The plaintiff, in June, 1925, purchased the Nash automobile, which caused this lawsuit, from the defendant, a corporation. There is no dispute about what she paid for the automobile or the manner in which it was paid.

In October, 1925, the plaintiff filed a bill against the defendant and the Friedlander Investment Company, seeking to enjoin them from replevying the automobile for which she had executed a title retained contract. She alleged that the defendants were about to take possession of the automobile and sell it for the unpaid purchase price and that the defendant had not remedied the defects found in the car according to the contract. A temporary injunction was granted. The complainant was required, on October 24, 1925, to increase her injunction bond. She was given a certain length of time in which to increase the bond or give up the automobile. She preferred to return the car and on November 17, 1925, she surrendered the car to the defendant. They proceeded, according to law, to advertise the car, sold it for $500, the defendant bid in the car itself, and in a day or two after the sale the defendant sold the car for $1500. Some repairs and adjustments were made on the car between the time the defendant bought it for $500 and the time it sold it for $1500.

Prior to the sale to the plaintiff, the defendant had sold the car, in controversy, to Mr. T. R. Mather of Shelby county. Mr. Mather testified that there was something wrong with the car, he purchased it in December, 1924. He had taken the car to the defendant's place of business two or three times, before he disposed of it, to try to get the automobile in proper condition. Mr. Mather traded it to the Flint Automobile Company in May, 1925. He informed the Flint Company that the automobile was defective. Soon after the Flint Company procured the automobile the defendant purchased it from the Flint Company for $1791.56. In the sale to the plaintiff, the defendant told the plaintiff that the car had been used, that it had been run less than 1,000 miles but it was as good as a new car and that the defendant was allowed $150 on the purchase price because the car had been used. It appears that there was something wrong with the motor and radiator of this automobile. The radiator would shake whenever the car would reach the speed of twenty miles or more per hour. It was dangerous to drive it at more than twenty or twenty-five miles per hour. In July the plaintiff and her husband took a trip to Michigan; they had to drive very slowly and it took them five

days to make the trip from Michigan to Memphis upon their return. The plaintiff took her car often to the defendant to try to get this defect remedied. The defendant insisted that this shaking, or as it is termed by the defendant "shimmying," was caused by the use of balloon tires; that balloon tires had just been brought into use and that the motors of automobiles had not been adjusted to the use of balloon tires and that the balloon tires caused the shaking or "shimmying" of the automobile. There is proof by the defendant that it was the balloon tires that caused the trouble. The proof is in conflict as to whether or not there was a breach of warranty. Under the Uniform Sales Law (Public Acts of 1919, chapter 118, section 69) it is provided that: "The measure of damages for breach of warranty is the loss directly and naturally resulting in the usual course of events, from the breach of warranty."

In the instant case, if the jury should find that there was a breach of warranty, plaintiff's loss would be ascertained by applying the rule of the difference in price of the automobile as warranted and the price as delivered. The purpose of the rule is to ascertain the true amount of the loss actually and directly sustained. Marcum v. Potter, 148 Tenn., 254.

As an illustration, it appears that the plaintiff paid $2281.85 for the automobile. The defendant had paid shortly before the sale $1791.56 for the car. If the car was actually worth $1800 at the time it was sold and the plaintiff paid $2281.85 and there had been a breach of warranty, then plaintiff's damage would be $484.85. The plaintiff would not be entitled to a judgment for the full amount she had paid. She did not seek a rescission of the contract; she returned the automobile rather than to increase or strengthen her injunction bond. The plaintiff was not entitled to a directed verdict for any sum, neither was the defendant entitled to a directed verdict and we are of the opinion that the learned Special Judge was in error in taking the case from the jury and entering the judgment that he did enter and we are constrained to hold that the court erred in directing the jury to return a verdict for the amount set out in the verdict. If there should be another trial of this cause the trial judge should have the jury to, first, ascertain whether or not there had been a breach of warranty and if the jury should find there had been a breach of warranty, then the measure of damages would be according to the rule of law we have herein announced. This automobile was worth something, there was not a total failure of consideration. The plaintiff used the automobile for six months and it appears that it was sold then by the defendant for $1500, to a satisfied customer who ran the car for more than 50,000 miles in about two

and one-half years' time and traded it back to the defendant on a new car.

The plaintiff, if the warranty was breached and she is entitled to any damages, should be charged with a fair and reasonable sum for the use of said automobile while in her possession and there should be deducted any sum if she caused the car to be damaged or depreciated.

On the defendant's plea of set-off, the court credited the plaintiff with the sum of $1500, the amount the defendant realized for the automobile. We are of the opinion that the defendant should not be charged with the full $1500 but should be charged with the net amount it received for the car. The net amount would be reached by deducting the costs or expenses in making the sale from the $1500. It appears that the defendant did not receive $1500 cash for the car but accepted an Essex used car.

The defendant should be charged only with the net amount received out of the $1500, being allowed credit for any work or repairs done on the car to make it salable, any expenses incurred in selling the car and any loss, if any, between the actual value of the Essex car and the credit allowed in the trade.

It results that the judgment of the lower court is reversed and the parties are granted a new trial. The cause will be remanded to the Circuit Court of Shelby county for the purpose of a new trial in conformance with the rules laid down in this opinion. The defendant will pay the costs of the appeal. The costs of the lower court will abide the final judgment reversed and remanded.

Heiskell and Senter, JJ., concur.